CLOSED

# U.S. District Court
# Eastern District of California – Live System (Sacramento)
# CRIMINAL DOCKET FOR CASE #: 2:22–mj–00130–CKD–1

| | |
|---|---|
| Case title: USA v. Gullette | Date Filed: 09/16/2022 |
| Other court case number: 1:21–cr–00226–DDD USA v. Gullette | Date Terminated: 09/20/2022 |

Assigned to: Magistrate Judge Carolyn K. Delaney

**Defendant (1)**

| | | |
|---|---|---|
| **Jonathan Gullette**<br>*TERMINATED: 09/20/2022* | represented by | **Meghan McLoughlin**<br>Federal Public Defender<br>2300 Tulare Street<br>Suite 330<br>Fresno, CA 93721<br>559–487–5561<br>Fax: 559–487–5950<br>Email: meghan_mcloughlin@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Public Defender or Community Defender Appointment |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Rule 5(c)(3) | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Jessica Louise Delaney , GOVT**<br>DOJ–USAO<br>501 I Street<br>Ste 10–100<br>Sacramento, CA 95814<br>916–554–2785<br>Email: jessica.delaney2@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/16/2022 |   | RULE 5(c)(3) ARREST from District of Colorado. Case 1:21−cr−00226 DDD as to Jonathan Gullette (1). (Kennison, L) (Entered: 09/16/2022) |
| 09/19/2022 | 1 | MINUTES for INITIAL APPEARANCE in Rule 5(c)(3) proceedings, as to Jonathan Gullette, held on 9/19/2022 before Magistrate Judge Carolyn K. Delaney. Office of the Federal Defender appointed for defendant. Defendant advised rights and pending charges. Waived formal reading of Superseding Indictment out of the District of Colorado, case number 1:21−cr−00226 DDD. NOT GUILTY PLEA ENTERED and demand for a jury trial. The court instructed government counsel under Rule 5(f) to comply with its disclosure obligations under *Brady v. Maryland*. Defendant waived identity hearing and preliminary hearing. The Government moved for detention. Defense counsel submitted on the matter of detention. The Court ORDERED the defendant detained on the basis of flight risk and danger to the community and transported forthwith to the District of Colorado. Government Counsel: Jessica Delaney, present. Defense Counsel: Meghan McLoughlin, present. Custody Status: Present, in custody. Court Reporter: ECRO, K. Spichka. (Text Only Entry) (Kennison, L) (Entered: 09/19/2022) |
| 09/19/2022 | 2 | DUE PROCESS PROTECTIONS ACT ORDER signed by Magistrate Judge Carolyn K. Delaney on 9/19/2022. (Kennison, L) (Entered: 09/19/2022) |
| 09/19/2022 | 3 | ORDER OF DETENTION PENDING TRIAL signed by Magistrate Judge Carolyn K. Delaney on 9/19/2022 as to Jonathan Gullette. (Zignago, K.) (Entered: 09/20/2022) |
| 09/19/2022 | 4 | COMMITMENT to ANOTHER DISTRICT signed by Magistrate Judge Carolyn K. Delaney on 9/19/2022 as to Jonathan Gullette. Defendant committed to Southern District of California. (Zignago, K.) (Entered: 09/20/2022) |
| 09/20/2022 | 5 | AMENDED COMMITMENT to ANOTHER DISTRICT signed by Magistrate Judge Carolyn K. Delaney on 9/20/2022 as to Jonathan Gullette. Defendant committed to District of Colorado. (Zignago, K.) (Entered: 09/20/2022) |
| 09/20/2022 | 6 | TRANSMITTAL of DOCUMENTS re 5 Commitment to Another District on *9/20/2022* to * District of Colorado* *901 19th Street* *Denver, CO 80294*. ** *Electronic Documents: 1 to 5 * (Zignago, K.) (Entered: 09/20/2022) |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA , <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN GULLETTE , <br><br> Defendant. | NO. **2:22−MJ−00130−CKD** <br><br> **DUE PROCESS PROTECTIONS ACT ORDER** |

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900,913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence.

/////

/////

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.

If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).

DATE:   September 19, 2022

　　　　　　　　　　　　　　　　　　　　　　 */s/ Carolyn K. Delaney*
　　　　　　　　　　　　　　　　　　　　　　 U.S. MAGISTRATE JUDGE

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

**FILED**
**Sep 19, 2022**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA )
v. )
) Case No.   2:22-mj-0130-CKD
JONATHAN GULLETTE )
Defendant )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

[x] Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

[ ] Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

[ ] **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

[ ] **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

[ ] **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

[ ] **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

[ ] **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

[ ] **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

[ ] **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

[ ] **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

[ ] **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

[ ] **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

[x] By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

[x] By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

[x] Weight of evidence against the defendant is strong
[x] Subject to lengthy period of incarceration if convicted
[ ] Prior criminal history
[ ] Participation in criminal activity while on probation, parole, or supervision
[x] History of violence or use of weapons
[ ] History of alcohol or substance abuse
[x] Lack of stable employment
[x] Lack of stable residence
[x] Lack of financially responsible sureties
[x] Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

| | |
|---|---|
| ☐ | Significant family or other ties outside the United States |
| ☐ | Lack of legal status in the United States |
| ☐ | Subject to removal or deportation after serving any period of incarceration |
| ☐ | Prior failure to appear in court as ordered |
| ☐ | Prior attempt(s) to evade law enforcement |
| ☐ | Use of alias(es) or false documents |
| x | Background information unknown or unverified |
| ☐ | Prior violations of probation, parole, or supervised release |

OTHER REASONS OR FURTHER EXPLANATION:

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  9/19/2022                                                    /s/ Carolyn K. Delaney

                                                    CAROLYN K. DELANEY, United States Magistrate Judge

O AO 94   (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

Eastern District of California

| UNITED STATES OF AMERICA<br>V.<br><br>JONATHAN GULLETTE | COMMITMENT TO ANOTHER DISTRICT<br><br>Case No. 2:22-mj-0130-CKD |
|---|---|

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| Eastern District of California | 1:21-cr-00226-DDD | 2:22-mj-0130-CKD | District of Colorado |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

__X__ S. Indictment   ____ Information   ____ Complaint   ____ Other

**charging a violation of**   18   **U.S.C.**   § 2113(a), 2113(d) and 2

**DISTRICT OF OFFENSE**   Southern District of California

**DESCRIPTION OF CHARGES:**

Bank Robbery

**CURRENT BOND STATUS:**

____ Bail fixed at $_____ and conditions were not met
____ Government moved for detention and defendant detained after hearing in District of Arrest
____ Government moved for detention and defendant detained pending detention hearing in District of Offense
____ Other (specify)

**Representation**   ____ Retained Own Counsel   _X_ Federal Defender Organization   ____ CJA Attorney   ____ None

**Interpreter Required?**   _x_ No   ____ Yes   Language:_____

**DISTRICT OF**   CALIFORNIA

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| 09/19/2022 | /s/ Carolyn K. Delaney |
|---|---|
| Date | United States Magistrate Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

O AO 94   (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

Eastern District of California

| UNITED STATES OF AMERICA<br>V.<br>JONATHAN GULLETTE | COMMITMENT TO ANOTHER<br>DISTRICT (AMENDED)<br>Case No. 2:22-mj-0130-CKD |
|---|---|

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| Eastern District of California | 1:21-cr-00226-DDD | 2:22-mj-0130-CKD | District of Colorado |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

__X__ S. Indictment   ____ Information   ____ Complaint   ____ Other

**charging a violation of**   18   **U.S.C.**   § 2113(a), 2113(d) and 2

**DISTRICT OF OFFENSE**   District of Colorado

**DESCRIPTION OF CHARGES:**
Bank Robbery

**CURRENT BOND STATUS:**
____ Bail fixed at $_____ and conditions were not met
____ Government moved for detention and defendant detained after hearing in District of Arrest
_X_ Government moved for detention and defendant detained pending detention hearing in District of Offense
____ Other (specify)

**Representation**   ____ Retained Own Counsel   _X_ Federal Defender Organization   ____ CJA Attorney   ____ None

**Interpreter Required?**   _x_ No   ____ Yes   Language: _____

**DISTRICT OF**   CALIFORNIA

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| 09/20/2022 | /s/ Carolyn K. Delaney |
|---|---|
| Date | United States Magistrate Judge |

**RETURN**

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**501 "I" Street**
**Sacramento, CA 95814**

**September 20, 2022**

District of Colorado
901 19th Street
Denver, CO 80294

**RE:**         USA  vs.  JONATHAN GULLETTE
**USDC No.:**   2:22–MJ–00130–CKD

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated September 20, 2022 , transmitted herewith are the following documents:

**Electronic Documents: 1 to 5**

Documents maintained electronically by the district court are accessible through PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Thank you,

 /s/  **K. Zignago**

Deputy Clerk

DATE RECEIVED:

RECEIVED BY:

*(Print Name)*

NEW CASE NUMBER: