IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:21-cr-00226-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(1) JEROME BRAVO; and
**(2) JONATHAN GULLETTE**,

    Defendants.

**ORDER SETTING TRIAL DATE AND RELATED DEADLINES**

    This matter comes before the Court for the setting of a trial date and related pretrial deadlines as to Defendant Jonathan Gullette. Pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Federal Rules of Criminal Procedure, and the Local Rules of Practice for the United States District Court for the District of Colorado, it is ORDERED that:

    1. A **ten-day jury trial** is set to commence at **9:00 a.m.** on **November 28, 2022** in Courtroom A 1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294; and

    2. A Trial Preparation Conference is set for **10:30 a.m.** on **November 22, 2022** in Courtroom A 1002. The parties should be prepared to address the following issues at the Trial Preparation Conference: (1) any outstanding motions; (2) jury selection and jury instructions; (3) sequestration of witnesses; (4) timing of presentation of witnesses and evidence; (5) anticipated evidentiary issues; (6) any stipulations of fact or law; and (7) any other issue affecting the duration or course of the trial.

It is FURTHER ORDERED that:

1. All pretrial motions must be filed no later than **November 1, 2022**, responses to those motions must be filed no later than **November 8, 2022**, and no replies will be permitted without prior leave of the Court. Prior to filing any discovery motion, counsel for the moving party or a pro se party must confer or make reasonable, good faith efforts to confer with any opposing counsel or pro se party to resolve the dispute(s). If the parties are able to resolve the dispute(s), they may file a motion titled "Unopposed Motion for _____," and must file the proposed order they wish the Court to enter via CM/ECF and email a copy in editable Word format to [Domenico_Chambers@cod.uscourts.gov](mailto:Domenico_Chambers@cod.uscourts.gov). If the parties are unable to resolve the dispute(s), the moving party must describe in the motion, or in a certificate attached to the motion, the specific efforts taken to comply with this order to confer and the position of each party at the time the conferral process broke down;

2. Expert witness disclosures pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) must be made no later than **three weeks** prior to the Trial Preparation Conference, and any challenges to such experts must be made no later than **two weeks** prior to the Trial Preparation Conference;

3. Rebuttal expert witness disclosures must be made no later than **two weeks** prior to the Trial Preparation Conference, and any challenges to such rebuttal experts must be made no later than **one week** prior to the Trial Preparation Conference; and

4. Pursuant to Local Criminal Rule 11.1(a), any notice of disposition must be filed no later than **fourteen days** before trial, absent an order permitting or directing otherwise. Upon the filing of a notice of

disposition, the Court generally will convert the Trial Preparation Conference to a change-of-plea hearing.

It is FURTHER ORDERED that:

1. If filed, motions *in limine* are due **seven days** before the Trial Preparation Conference. However, motions *in limine* are discouraged when the motion cannot be resolved until evidence is presented at trial; instead, such evidentiary issues can be flagged in a trial brief. Responses to motions *in limine* are due **two business days** before the Trial Preparation Conference, and no replies will be permitted without leave of Court;

2. The parties must jointly file a single integrated set of proposed jury instructions and verdict forms via CM/ECF **four business days** before the Trial Preparation Conference. The parties should attempt to stipulate to the jury instructions, particularly "stock" instructions and verdict forms. Each instruction should be numbered, and same-subject disputed instructions should be grouped and numbered together (*e.g.*, "Stipulated Instruction No. 1," "Government's Instruction No. 2," "Defendant's Instruction No. 2"). Each numbered instruction must begin on a new page. Each proposed instruction must identify the source of the instruction and supporting authority. Whenever practicable and appropriate, the parties should use or adapt for use the Criminal Pattern Jury Instructions prepared by the Criminal Pattern Jury Instruction Committee of the United States Court of Appeals for the Tenth Circuit. The pattern instructions and updates can be found online at https://www.ca10.uscourts.gov/clerk/downloads/criminal-pattern-jury-instructions. The parties must also email a copy of their proposed instructions and verdict forms in editable Word format to Domenico_Chambers@cod.us

courts.gov. Proposed verdict forms must be submitted in a separate file from the proposed jury instructions;

3. If filed, trial briefs may not exceed **2,700 words** and must be filed no later than **two business days** before the Trial Preparation Conference. Trial briefs are encouraged, but not required, and a trial brief may not be used as a substitute for a motion;

4. The parties must file their proposed witness lists via CM/ECF **two business days** before the Trial Preparation Conference. Witness list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx;

5. The parties must file their proposed exhibit lists via CM/ECF **two business days** before the Trial Preparation Conference. Exhibit list forms can be found at http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonDanielDDomenico.aspx; and

6. The parties must file their proposed *voir dire* questions **two business days** before the Trial Preparation Conference.

It is FURTHER ORDERED that counsel and pro se parties must be present on the first day of trial at 8:30 a.m. Jury selection will begin at 9:00 a.m. Commencing the second day of trial, the normal trial day will begin at 9:00 a.m. and continue until 5:00 p.m. The trial day will have morning and afternoon recesses of approximately fifteen minutes in duration, and a lunch break of approximately 90 minutes.

DATED: October 25, 2022          BY THE COURT:

                                                    Daniel D. Domenico
                                                  United States District Judge