IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00226-DDD-2-Jonathan Gullette

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.

1. JEROME BRAVO
2. **JONATHAN GULLETTE**

    **Defendants.**
_____

**OPPOSED MOTION TO EXCLUDE 90 DAYS FROM THE SPEEDY TRIAL CALCULATION AND CONTINUE MOTIONS FILING DEADLINE**
_____

    Mr. Gullette asks that the Court make an ends-of-justice finding pursuant to 18 U.S.C. §3161(h)(7)(A) and then, per 18 U.S.C. §3161(h)(7)(B)(i) and (iv) exclude 90 days from the speedy trial act beginning November 28, 2022.   Per AUSA Brian Dunn, the government does not object to this motion. Co-Defendant Jerome Bravo's counsel does currently object inasmuch as she has not had an opportunity to discuss the motion with Mr. Bravo.

1. Per 18 U.S.C. §3161(h)(7)(A), the Court shall exclude from the speedy-trial computation

    [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or

at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

2. 18 U.S.C. §3161(h)(7)(B) requires that the Court consider several factors when ruling on a motion for an ends-of-justice continuance:

**(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice**.   Denial of a continuance would not make a continuation of the proceeding impossible.   It would result in a miscarriage of justice.   Mr. Gullette would be denied his rights to challenge unreasonable searches and seizures, to the effective assistance of counsel, to the due process of law, and to confrontation of witnesses, and his protection against cruel and unusual punishment.   U.S. CONST. amends. IV, V, VI, VIII.

(a) Defense counsel, after reviewing the discovery and consulting with Mr. Gullette and the defense investigator, must thoroughly investigate Mr. Gullette's personal history.   This investigation will look into family history, school, medical and psychiatric matters, and any substance abuse.

(b) The undersigned cannot provide effective assistance to Mr. Gullette without preparation for motions and trial.   Counsel has received a large amount of

discovery, and the AUSA continues to provide discovery.   With ongoing discovery disclosures and Mr. Gullette just being transported to Colorado this week, counsel and his defense investigator have not had an opportunity to thoroughly review and discuss the discovery with Mr. Gullette. Preparation for trial and motions will include, in addition to that described in the preceding paragraph, interviewing (or at least attempting to interview) the lay witnesses and several law-enforcement agents involved in the investigation that led to the instant prosecution.

      (c) A due-process problem arises when defense counsel has insufficient time in which to prepare for motions and trial and thus cannot properly present Mr. Gullette's defense.

      (d) Mr. Gullette cannot confront the government's witnesses unless his lawyer is prepared, by means of investigation and pretrial motions practice, to cross-examine government witnesses and to present defense witnesses.

      (e) Without enough time in which to investigate, defense counsel will be unable to assemble mitigating and exculpatory evidence, meaning that there could be a conviction and sentence that violate Mr. Gullette's Eighth Amendment right.

      **(ii) Whether the case is so unusual or so complex, due to the number of**

**defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.**

While the government's case is not unusual, it is complex; there are thousands of pages of discovery, many audiovisual and voice recordings, many government-endorsed expert witnesses, and potentially objectional technical evidence.

**(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.**

This factor does not apply to Mr. Gullette.

**(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.**

Mr. Gullette has been indicted on 13 charges with multiple counts of armed robbery at 10 different locations over a span of three months, resulting in voluminous discovery to digest. Failure to grant a continuance would deny defense counsel the reasonable time necessary to effectively prepare for pretrial motions practice and for trial itself for the reasons stated above.

3. In *U.S. v. West*, 828 F.2d 1468 (10th Cir. 1987), the Court of Appeals listed other factors for the trial court to consider:   the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance, this latter being "by far the most important."   Id. at ¶16.

   a. **Diligence.**  Even during the 38 days between Mr. Gullette self-surrendering in Sacramento to his first appearance on 24 October 2022 counsel has worked diligently on Mr. Gullette's defense.

   b. **Usefulness of the Continuance.**   A continuance is the only thing that will accomplish the purpose of allowing defense counsel to prepare and present Mr. Gullette's defense.

    c. **Inconvenience.**   The government does not oppose a continuance.   Counsel for co-defendant Jerome Bravo presently does oppose the continuance because she has not had an opportunity to consult with Mr. Bravo. While a trial date is set, counsel does not know whether witnesses have been served with subpoenae and whether witnesses will be inconvenienced.   Counsel cannot opine about the Court's convenience.

    d. **Need and Prejudice.**   These factors are discussed in preceding paragraphs.

For the foregoing reasons, the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. §3161(h)(7)(A). Defense counsel therefore requests an exclusion from the speedy-trial computation of 90 days from November 28, 2022, a continuance of the trial scheduled November 28, 2022, and an extension of the motions filing deadlines.

Respectfully submitted,

s/ Philip L. Dubois_____
Philip L. Dubois, P.C.
445 E Cheyenne Mtn Blvd Ste C #255
Colorado Springs, CO, 80906-4570
719-635-4848
dubois@dubois.com