### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Criminal Action No. 1:21-cr-00226-DDD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

JEROME BRAVO; and
**JONATHAN GULLETTE**.

 Defendants.

---

### ORDER GRANTING THIRD MOTION TO CONTINUE

---

Defendant Gullette moves to exclude 30 days from his speedy trial act calculation and to continue the motions filing deadline. *Doc.* 101. For the following reasons, I find that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, the defendant's motion is granted.

### PROCEDURAL HISTORY

On July 13, 2021, an indictment was filed as to the defendant. *Doc.* 15. On July 20th, a superseding indictment was filed as to the defendant. *Doc.* 43. The defendant had his initial appearance and arraignment in this court on October 24, 2022, making January 2, 2023 the deadline for his trial to commence under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1). *Doc.* 66. On October 26, 2022, the defendant filed and I granted his first Motion to Continue, which added 90 days to his Speedy Trial Act Computation. *Docs.* 73 and 79. On December 15, 2022, the

defendant filed and I granted his second Motion to Continue, which added a further sixty days to his Speedy Trial Act computation. His current trial is set for April 24, 2023. *Doc.* 85. On March 14, 2023, the defendant filed a third Motion to Continue, in which he requested a further 30 days be added to his Speedy Trial Act computation. *Doc.* 101. The government does not oppose the requested continuance. *Id.* at 1.

## APPLICABLE LAW

When evaluating a request to continue a trial, a district court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the Court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, a district court may exclude from the statutory time period within which the Defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In order to exclude the period resulting from such a continuance, the court must set forth in the record its reasons for

finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

The defendant requests a continuance to allow his attorney time to prepare for his defense. *Doc.* 101 at 2-4. He notes that a settlement is likely and that a continuance will enable the government to consider information provided by the defense and both parties to negotiate a disposition. *Id.* at 1-2. The Government does not oppose this continuance. *Id.* at 1.

I find that the *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that the defendant and his counsel have not been diligent in preparing for trial. It also appears likely that the continuance, if granted, would accomplish the defendant's stated purpose of allowing his attorney sufficient time to prepare for his defense. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the Court. And the defendant might be significantly prejudiced if the continuance is denied, as he may not have an adequate defense at trial.

I further find that the Speedy Trial Act factors weigh in favor of a finding that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial. It is in the defendant's best interest for his attorney to have sufficient time to prepare for trial. Without the requested continuance, the defense will be unable to effectively prepare for trial. A limited ends-of-justice continuance will not subvert the public's or the defendant's interest in the prompt prosecution of this case.

## CONCLUSION

Accordingly, based on the relevant record considered as a whole, I FIND that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for the defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance out-weigh the best interest of the public and the defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Thirty days should be excluded from the computation of the Speedy Trial Act time.

For the foregoing reasons,[1] it is ORDERED that:

Defendant's Unopposed Motion for an Ends of Justice Continuance, *Doc.* 101, is GRANTED;

Thirty (30) days, from April 27, 2023 to May 27, 2023 will be excluded from the computation of Defendant Jonathan Gullette's Speedy Trial Act time;

The ten-day jury trial set for April 24, 2023 is VACATED and RESET to commence at **9:00 a.m.** on **May 22, 2023** in Courtroom A1002 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties must be present at 8:30 a.m. on the first day of trial;

The Trial Preparation Conference set for April 20, 2023 is VACATED and RESET for **May 17, 2023** at **10:30 a.m.**; and

All pretrial motions must be filed no later than **April 21, 2023**, responses to those motions must be filed no later than **April 28, 2023**, and no replies will be permitted without prior leave of the Court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing

---

[1]   As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the Court's calendar or lack of diligent prepara-tion by the government's counsel.

witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the Order Setting Trial Date and Related Deadlines *Doc.* 71.

DATED: March 14, 2023                    BY THE COURT:

Daniel D. Domenico
United States District Judge